UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

EVERLIDO MENDOZA-AILON,

Petitioner,

v.

ICE FIELD OFFICE DIRECTOR,

Respondent.

Case No. C26-1362-RSM

ORDER DENYING PETITION FOR
WRIT OF HABEAS CORPUS UNDER
28 U.S.C. § 2241

This matter comes before the Court on *pro se* Petitioner Everlido Mendoza-Ailon's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241. Dkt. #3. The Court has reviewed the petition, the Return and supporting declarations filed by the Government, Dkts. #6-8, and the remainder of the record.

In his form petition, Petitioner asserts that he has been detained at Northwest ICE Processing Center ("NWIPC") in Tacoma, Washington since February 2, 2026. Dkt. #3 at 1. He alleges that his current charges of deportation are "inadmissibility under Section 212" and being "present without permission or parole." *Id*. at 2. Petitioner provides no other facts specific to him but requests that the Court "grant a bond review" and release him "upon conditions that is [*sic*] fair and just." *Id*. at 3. He further alleges that he "is not held under 8 USC 1226 (c)[,]"

ORDER DENYING PETITION FOR WRIT OF
HABEAS CORPUS UNDER 28 U.S.C. § 2241 - 1

which provides for mandatory detention under certain circumstances, but instead under 1226(a). *Id*. at 3-4.

In a declaration of a deportation officer provided by the Government, the Government asserts that Petitioner is a native and citizen of Guatemala who entered the United States without inspection on or about December 30, 2017. Dkt. #7 at ¶ 3. Petitioner was charged as inadmissible, issued a Notice to Appear for immigration proceedings in Seattle, Washington, and transferred to the Office of Refugee Resettlement ("ORR")'s custody. *Id*. at ¶ 4. On February 4, 2018, ORR released Petitioner to the care of his sister. *Id*. at ¶ 5.

On August 31, 2021, an immigration judge in Seattle, Washington terminated Petitioner's immigration proceedings without prejudice based on his application for relief from removal that he filed with United States Citizenship and Immigration Services ("USCIS"). *Id*. at ¶ 6.

On May 12, 2025, Petitioner was convicted of two counts of rape of a child in the third degree and one count of assault in the fourth degree in Whatcom County, Washington and sentenced to 30 months imprisonment. *Id*. at ¶ 7 and Dkt. #8-1; RCW 9A.44.079 (defining third degree rape of a child as sexual intercourse between a person at least 48 months older than a minor between 14- and 16-years-old and as a class C felony); RCW 9A.36.041(1), (2) (defining fourth degree assault as a gross misdemeanor).

On February 2, 2026, ICE took Petitioner into custody from the Washington Correction Center in Stafford Creek, Washington. *Id*. at ¶ 8. He was issued a Notice to Appear for proceedings in Tacoma, Washington and transferred to NWIPC. *Id*. On February 12, 2026, an immigration judge in Tacoma sustained the charges in the Notice to Appear and designated Petitioner's country of removal as Guatemala "should it be necessary." *Id*. at ¶ 9. However, the immigration judge "continued proceedings since then for the adjudication by USCIS of

ORDER DENYING PETITION FOR WRIT OF
HABEAS CORPUS UNDER 28 U.S.C. § 2241 - 2

Petitioner's previously filed application for relief from removal." *Id*. Petitioner remains in detention at NWIPC.

Federal courts have authority to grant writs of habeas corpus to an individual in custody if such custody is a "violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3). The Due Process Clause of the Fifth Amendment protects against deprivation of liberty without proper process and extends to deportation proceedings. *See* U.S. Const. amend. V; *Trump v. J.G.G.*, 604 U.S. 670, 673 (2025) ("'It is well established that the Fifth Amendment entitled [noncitizens] to due process of law' in the context of removal proceedings." (quoting *Reno v. Flores*, 507 U.S. 292, 306 (1993)). The right to due process extends to "all 'persons' within the United States, including [non-citizens], whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693, 121 S. Ct. 2491, 150 L. Ed. 2d 653 (2001).

Habeas petitions under § 2241 are subject to the same screening requirements as § 2254. *See* Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"), Rule 1(b); *Lane v. Feather*, 584 F. App'x 843 (9th Cir. 2014) (affirming same). Per these Habeas Rules, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief," the "judge must dismiss the petition." Habeas Rule 4.

Upon review of the petition, the Court finds that Petitioner has failed to provide sufficient facts to support his grounds for relief. The Habeas Rules require that petitioners provide all grounds for relief and facts supporting each ground. *See* Habeas Rules 2(c) and (4). "[T]he petition should state facts that point to a real possibility of constitutional error and show the relationship of the facts to the claim." *Tazama v. U.S. Immigr. and Customs Enf't*, No. 5:26-CV-00462-SPG-JDE, 2026 WL 417475, at *1 (C.D. Cal. Feb. 13, 2026). Allegations that are vague,

ORDER DENYING PETITION FOR WRIT OF
HABEAS CORPUS UNDER 28 U.S.C. § 2241 - 3

conclusory, or unsupported by specific facts are insufficient and subject to dismissal. *See Jones v. Gomez*, 66 F.3d 199, 204-05 (9th Cir 1995).

Even on review of the petition with the Government's Response and declarations, Petitioner falls short of his requested relief. Petitioner is detained under 8 U.S.C. § 1226(c), which subjects him to mandatory detention due to his particular criminal offenses. *See Avilez v. Garland*, 69 F.4th 525, 530 (9th Cir. 2023). This detention authority continues through the judicial review phase of removal proceedings, *id*. at 535-37, and no pre-detention process is required. *See Demore v. Kim*, 538 U.S. 510, 530 (2003). The Supreme Court has held that § 1226(c) "mandates detention of any [noncitizen] falling within its scope and that detention may end prior to the conclusion of removal proceedings 'only if' the [noncitizen] is released for witness-protection purposes." *Jennings v. Rodriguez*, 583 U.S. 281, 305-06 (2018). However, having "grave doubts that any statute that allows for arbitrary prolonged detention without any process is constitutional[,]" the Ninth Circuit instructs district court to determine the "minimum requirements of due process" under § 1226(c). *Rodriguez v. Marin*, 909 F.3d 252, 255-56 (9th Cir. 2018).

Following the Ninth Circuit's instruction, a "majority of district courts" consider "a number of factors to determine whether a noncitizen's mandatory detention under 1226(c) violates due process." *Martinez v. Clark*, No. C18-1669-RAJ-MAT, 2019 WL 5968089, at *7 (W.D. Wash. May 23, 2019), report and recommendation adopted, No. 18-CV-01669-RAJ, 2019 WL 5962685 (W.D. Wash. Nov. 13, 2019) (collecting cases). These factors under *Martinez* include:

> (1) the total length of detention to date; (2) the likely duration of future detention; (3) whether the detention will exceed the time the petitioner spent in prison for the crime that made him removable; (4) the nature of the crimes the petitioner committed; (5) the conditions of detention; (6) delays in the removal proceedings

ORDER DENYING PETITION FOR WRIT OF
HABEAS CORPUS UNDER 28 U.S.C. § 2241 - 4

caused by the petitioner; (7) delays in the removal proceedings caused by the government; and (8) the likelihood that the removal proceedings will result in a final order of removal.

*Id*.

The first factor, the length of detention, "is the most important factor." *Id*. at *9. Petitioner has been detained for just short of 4 months. Noting that appealed detentions take "an average of four months," the Supreme Court in *Demore* held that detentions of six months under § 1226(c) do not violate due process. 538 U.S. at 531. Thus, Petitioner's detention of 4 months weighs in the Government's favor. *See Galvan v. ICE Field Off. Dir.*, No. 2:26-CV-01007-TMC, 2026 WL 1413188, at *2 (W.D. Wash. May 20, 2026) (collecting cases with detentions under 6 months).

Petitioner does not make any arguments as to the other seven factors. Given that Petitioner's initial proceedings were terminated in August 2021 due to his pending USCIS application, and this same pending application is the source of the current continuation in proceedings, it is unclear how long Petitioner will be detained. If Petitioner's detention continues, even beyond the amount of time served for his convictions, the *Martinez* factors may then favor Petitioner. "But as of now, '[b]ecause the most important factor weighs so clearly in Respondents' favor, and because Petitioner has not made an argument, let alone a showing, as to the other [seven], Petitioner does not, as pleaded, indicate a due-process violation arising from the length of Petitioner's detention under Section [1226(c)]." *See id*. at *3 (quoting *Perro v. Mullin*, No. 2:26-CV-00847-TL, 2026 WL 982803, at *5 (W.D. Wash. Apr. 13, 2026)).

Having considered the instant petition, responsive briefings and declarations attached thereto, and the remainder of the record, the Court hereby finds and ORDERS that Petitioner's habeas petition, Dkt. #3, is DENIED.

ORDER DENYING PETITION FOR WRIT OF
HABEAS CORPUS UNDER 28 U.S.C. § 2241 - 5

DATED this 28th day of May, 2026.

_____
Ricardo S. Martinez
United States District Judge

ORDER DENYING PETITION FOR WRIT OF
HABEAS CORPUS UNDER 28 U.S.C. § 2241 - 6